[Crim. No. 4500.   First Dist., Div. Three.   Feb. 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. DANIEL L. JONES, Defendant and Appellant.

William R. Ninnis, under appointment by the District Court of Appeal, and John P. McGowan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Charles W. Rumph, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Convicted by a jury of second degree burglary, defendant was sentenced to prison. He appeals.

A householder, looking out her living room window at 6:15 a.m., saw a man enter a gateway which opened upon an approach to the rear of a furniture store. He returned carrying two portable television sets, which he placed in an automobile parked on the street. She telephoned the police, continuing to watch the area as she did so. She saw a second man, whom she identified at trial as appellant, approach the car from the gateway. He closed the hood and entered the passenger side of the automobile. The other man drove the car away. The witness gave the police its license number and a description of the two occupants. Less than 15 minutes later, police stopped the car at a distance from the store. It was occupied by defendant and one Johnson. It contained five television sets and several appliances later identified as having come from the furniture store. . One of the television

sets was in front, beneath defendant's legs, as he sat on the passenger side. A rear window of the furniture store had been opened, and the lock of the rear door had been forced. Both defendant and Johnson were charged with burglary. Johnson pleaded guilty and was sentenced to county jail.

Appellant argues that the evidence is insufficient. ■ But both the fact of entry and the required burglarious intent may be established by circumstantial evidence (*People* v. *Nichols*, 196 Cal.App.2d 223, 227 [16 Cal.Rptr. 328]). ■ The circumstances recited above clearly warrant the jury inference that appellant entered the store with intent to steal. ■ Moreover, the evidence amply supports the inference that appellant, even if he did not enter the store, aided and abetted Johnson in the entry and theft (*People* v. *Belenger*, 222 Cal.App.2d 159 [34 Cal.Rptr. 918]; *People* v. *Jordan*, 204 Cal.App.2d 782 [22 Cal.Rptr. 731]), thus sustaining his conviction as a principal (Pen. Code, § 31).

■ Appellant sought a continuance to secure the presence of Johnson as a witness. He asserts error in denial of this request. But no suggestion of defendant's desire for this witness was made until after the prosecution had rested its case. The information had been filed more than three months earlier, and trial date had been fixed a month before trial began. Yet defendant did not seek to subpoena Johnson until the trial was nearly completed. Due diligence is required as a condition to continuance to procure a witness (*People* v. *Collins*, 195 Cal. 325, 332-333 [233 P. 97]) and it is apparent that such diligence was not exercised here. ■ In this respect, a defendant who insists upon representing himself is subject to the same rule as one represented by counsel (*People* v. *Ortiz*, 195 Cal.App.2d 112, 117 [15 Cal.Rptr. 398]). Here, although defendant elected to represent himself, he was aided throughout by the public defender acting as an adviser.

■ Defendant did not testify, and comment was made upon that failure by the prosecutor and by instruction, both well within the scope permitted by the California constitution and cases (see *People* v. *Ashley*, 42 Cal.2d 246 [267 P.2d 271]). Contrary to defendant's contention, such comment is not erroneous (*People* v. *Modesto*, 62 Cal.2d 436 [42 Cal.Rptr. 417, 398 P.2d 753]).

Judgment affirmed.

Salsman, J., and Devine, J., concurred.