[Crim. No. 16121. Fourth Dist., Div. Two. June 12, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY EUGENE MORENO, Defendant and Appellant.

**COUNSEL**

John Murcko, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney, Jay M. Bloom and Deborah D. Factor, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICKLES, J.**—Defendant Moreno was convicted by a jury of first degree burglary in connection with the entry of a garage attached to a dwelling. (Pen. Code, §§ 459, 460.)[1] He appeals, contending: (1) the evidence presented at trial was insufficient, as a matter of law, to establish first degree burglary; (2) the trial court erred in instructing the jury on first degree burglary; (3) the trial court erred in denying his section 995 motion; and (4) the trial court erred in failing to state adequate reasons for denial of probation.

FACTS

On May 7, 1983, Raymond Briones (victim's father) went to victim's house to investigate unusual noises. He found defendant in the yard, and asked him what he was doing. Defendant responded that he was looking for a woman named Martinez. After Briones informed him that no such woman was present, defendant left. A short time later, however, defendant returned, jumped the fence, and grabbed victim's lawn mower which was situated in the yard. Briones again confronted him, and defendant reiterated

---

[1]Unless otherwise indicated, all section references in this opinion are to the Penal Code.

that he was looking for Martinez. When Briones threatened to call the police, defendant fled. Briones then discovered that victim's garage door was open and the latch broken.

Victim testified that when he had left his residence that evening the garage door had been locked. He also stated that the lawn mower had been in the garage, and that various items of clothing and fishing equipment stored in the garage were missing.

Victim's garage was attached to his residence by means of a common wall, but accessible only through an exterior entrance. It housed family laundry facilities and was used for storage purposes.

## DISCUSSION

### I

■ Defendant first contends that the evidence presented at trial was insufficient as a matter of law to establish the elements of first degree burglary. Specifically, he asserts that entry of the attached garage does not constitute entry of an "inhabited dwelling" within the meaning of section 460. We disagree.

In *People* v. *Cook* (1982) 135 Cal.App.3d 785, 795-796 [185 Cal.Rptr. 576], a similar issue was raised and rejected. According to the court, "where the garage is an *attached and integral part* of the house, it is simply one room of several which together compose the dwelling." (*Id.*, at p. 796.)

Defendant's attempts to distinguish *Cook* are inapposite. He places excessive emphasis on the fact that, unlike *Cook*, this case did not involve a door connecting the garage to the interior of the house. The *Cook* court itself noted, however, that a connecting door was only one method of demonstrating that a garage was an attached and integral part of a dwelling. (*Id.*) Moreover, given the fact that the garage was under the same roof, functionally interconnected with, and immediately contiguous to other portions of the house, simple logic would suffer were we to leap over this interrelationship to a conclusion that a garage is not part of a dwelling because no inside entrance connects the two. (Accord *Burgett* v. *State* (1974) 161 Ind. 157 [314 N.E.2d 799, 802-803]; *State* v. *Haas* (1973) 13 Ore.App. 368 [510 P.2d 852, 853-854], revd. on other grounds, *Oregon* v. *Haas* (1975) 420 U.S. 714 [43 L.Ed.2d 570, 95 S.Ct. 1215].) Accordingly, defendant's contention is rejected.

## II

■ At trial, the court gave the following jury instruction *sua sponte*: "Where a garage is attached to an inhabited dwelling house and is, therefore, not a separate structure, it is considered to be a part of the inhabited structure within the meaning of Penal Code section 460."

Based on this instruction, defendant raises two additional contentions. First, he argues that the instruction constituted a misstatement of the law because it did not indicate that a garage must not only be attached to a dwelling, but must also be an *integral* part of it. Second, he argues that the instruction prevented the jury from finding a second degree burglary and, thus, precluded it from deciding a material issue of fact.

With respect to the misstatement argument, a careful reading of *Cook* reveals that defendant has misconstrued the applicable test. Both the terms "attached" and "integral" are used in that case, but the two are equated. Specifically, the court noted that: "the garage [was not a] *separate* structure . . .; rather, . . . [it was] an *integral* part of the . . . residence." (*People* v. *Cook, supra,* 135 Cal.App.3d 785, 795.) While it clearly would have been more accurate had the trial court used the phrase "attached *and* integral," its failure to do so does not amount to instructional error.

With respect to the material issue of fact argument, we reject it outright. Defense counsel stipulated at trial that an entry of a garage attached to an inhabited dwelling warrants a first degree burglary conviction or no conviction at all. This stipulation is supported by applicable case law. (See *People* v. *Cook, supra,* 135 Cal.App.3d 785, 795.) Accordingly, because the fact of attachment was not contradicted, no evidence of second degree burglary was presented. Absent such evidence, the jury cannot be said to have been precluded from deciding a material issue of fact. (See *People* v. *Wickersham* (1982) 32 Cal.3d 307, 325 [185 Cal.Rptr. 436, 650 P.2d 311] [trial court not obligated to instruct on lesser included offense unless evidence would justify a conviction of that offense].)

## III

■ Defendant next contends that the trial court erred in denying his section 995 motion because evidence presented at the preliminary hearing was insufficient to establish that an entry had occurred.

Erroneous denial of a section 995 motion justifies reversal only when the defendant can demonstrate *prejudice* flowing from the purportedly inadequate evidentiary showing. (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519,

529 [165 Cal.Rptr. 851, 612 P.2d 941].) Where, as here, the evidence produced at trial amply supports a conviction, (see *People* v. *Jones* (1965) 232 Cal.App.2d 538, 540 [42 Cal.Rptr. 925] [fact of entry and required felonious intent may be established circumstantially]), the question whether evidence produced at the preliminary hearing supported probable cause is *moot.* " 'If there is insufficient evidence to support the commitment, the defendant cannot be said to be prejudiced where sufficient evidence has been introduced at . . . trial to support . . . [a] conviction.' " (*People* v. *Hampton* (1981) 116 Cal.App.3d 193, 199 [116 Cal.Rptr. 193]; *People* v. *Chambers* (1980) 108 Cal.App.3d 985, 990-991 [166 Cal.Rptr. 815], citing Iungerich, *Reversing Perfect Trials, California Style: Time for a Re-evaluation of the Effect of Errors in Pretrial Commitment Proceedings* (1973) 48 L.A. Bar Bull. 88.) Defendant's contention is, therefore, without merit.

## IV

 Defendant finally contends that the trial court erred in failing to state adequate reasons for denial of his probation request. Again, we disagree.

The trial court specifically stated that probation was denied because defendant had burglarized a dwelling house. Under section 462, subdivision (a), section 1203.06, subdivision (a)(1)(vi), and California Rules of Court, rule 414(a), the commission of a burglary in connection with an inhabited dwelling is sufficient justification to deny probation.

The judgment is affirmed.

Kaufman, Acting P. J., and McDaniel, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 9, 1984.