[No. A028145. First Dist., Div. Five. Aug. 15, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LOUIS COUTU, Defendant and Appellant.

■■■■■■■
■■■■■■■■■■■■■

COUNSEL

Charles M. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**KING, J.—**

■ In this case we hold that burglary of a storeroom connected to an inhabited dwelling by a breezeway constitutes first degree burglary. Robert Louis Coutu appeals from a judgment of conviction for first degree burglary (Pen. Code, §§ 459, 460, subd. 1). We affirm the judgment.

Coutu burglarized a storeroom at a Belmont residence on March 18, 1984. The storeroom was connected to the main house by a breezeway (commonly a roofed open passage connecting two buildings or halves of a building). The main house, breezeway, and storeroom shared a common roof. The breezeway had a door on one side and was open on the other side. The owner of the house kept a washing machine in the breezeway and kept food products and garden equipment in the storeroom.

Coutu's sole contention on appeal is that the storeroom was a detached structure which was not a part of the dwelling, so that he was guilty only of second degree burglary.

This contention lacks merit. In an analogous situation the court in *People v. Moreno* (1984) 158 Cal.App.3d 109, 112 [204 Cal.Rptr. 17], held that an attached garage without a door connecting the garage to the interior of the house was a part of the dwelling because the garage was "under the same roof, functionally interconnected with, and immediately contiguous to other portions of the house . . . ." Similarly, in *People v. Cook* (1982) 135 Cal.App.3d 785, 795 [185 Cal.Rptr. 576], the court held that an attached garage which did have a connecting door to the residence was "an integral part of" the dwelling. (Compare *People v. Picaroni* (1955) 131 Cal.App.2d 612, 618 [281 P.2d 45] [burglary of detached garage was second degree burglary].) Here, the connecting breezeway structure rendered the storeroom "functionally interconnected with" and "an integral part of" the main house.

Coutu argues that *Cook* is distinguishable because of the presence of the connecting door in that case, and that *Moreno* is distinguishable because of the lack of a common wall in the present case. In light of the interconnecting function of the breezeway structure, these distinctions are meaningless.

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.