[No. A036152. First Dist., Div. One. Aug. 17, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES A. ZELAYA, Defendant and Appellant.

COUNSEL

Scott F. Kauffman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ann K. Jensen and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, Acting P. J.**—Trial by jury having been waived by defendant James A. Zelaya (Zelaya), he was found guilty by the superior court of the crime of first degree burglary. He appeals from an order of probation conditional upon his service of one year in the county jail.

■ The sole contention of the appeal is stated as: "Trial court erred in finding the appellant guilty of first degree residential burglary."

In his ensuing argument Zelaya admits that he had committed a burglary of the subject premises. The issue is narrowed to whether it was of the first degree or second degree. He insists that it was of the second degree and *not* burglary of an "inhabited dwelling house" as proscribed by Penal Code section 460.

We state the related evidence as it was presumably found true by the superior court.

The manager of a San Francisco apartment house resided on the first floor above its garage and basement. Early one morning he heard metallic sounds in the area below and suspicious, he called the police. Two police officers promptly arrived. Investigating, they observed that wire covering an 18 by 24 inch vent on the garage wall had somehow been cut, allowing

entrance to that portion of the building. At least two of the tenants' automobiles were in the garage at the time. The officers noted that a nearby door leading to the building's basement was ajar. They entered and walked down a hallway leading to several storage rooms for the tenants' property. They observed that on at least two of the storage rooms the door locks had been freshly "jimmied." Entering one of the storage rooms they found Zelaya and another. Their presence there was unexplained.

From the evidence, we opine, the trial court reasonably inferred that Zelaya and his companion had gained entry into the building's garage through the damaged vent, from which point they entered the building's hallway, and the tenants' storage rooms.

Penal Code section 460 as here relevant provides: "Every burglary of an inhabited dwelling house . . . is burglary of the first degree."

An *apartment house* is patently a *dwelling house.* And the subject apartment house of this case was manifestly *inhabited.*

It is held that a basement room or garage, "under the same roof" with the living quarters, "functionally" connected therewith, and an "integral part" thereof, is part of an "inhabited dwelling house" within the meaning of Penal Code section 460. (*People* v. *Moreno* (1984) 158 Cal.App.3d 109, 112 [204 Cal.Rptr. 17]; to the same effect see *People* v. *Cook* (1982) 135 Cal.App.3d 785, 795 [185 Cal.Rptr. 576]; *People* v. *Gilbert* (1961) 188 Cal.App.2d 723, 726 [10 Cal.Rptr. 799].) Even a *carport,* with three sides enclosed and the fourth open to the weather, has been deemed part of an "inhabited dwelling house." (*In re Christopher J.* (1980) 102 Cal.App.3d 76, 78 [162 Cal.Rptr. 147].) And the state's high court has with seeming approval observed: "The dwelling house, according to Lord Hale, includes the privy, barn, stables, cow houses, dairy houses, if they are parcel of the messuage, though they are not under the same roof or joining contiguous to it. (1 Hale P.C. 558.) And when a burglary is committed in one of these outbuildings the indictment may charge the offense as done in the mansion house." (*People* v. *Stickman* (1867) 34 Cal. 242, 244.)

The above cited authorities give effect to the legislative belief that: "Victims inside buildings are more vulnerable to felonious conduct than victims out of doors." (*People* v. *Fleetwood* (1985) 171 Cal.App.3d 982, 987 [217 Cal.Rptr. 612].)

We hold that the areas of the apartment house entered by Zelaya and his companion were functionally connected with, and an integral part of, the

building's living quarters, and were therefore part of an "inhabited dwelling house" within the meaning of Penal Code section 460.

The order granting probation is affirmed.

Holmdahl, J., and Rushing, J.,* concurred.

A petition for a rehearing was denied September 16, 1987, and appellant's petition for review by the Supreme Court was denied November 12, 1987.

.

---

* Assigned by the Chairperson of the Judicial Council.