82 Cal.Rptr.2d 765 (1999)
70 Cal.App.4th 591
In re EDWARDO V., a Person Coming Under the Juvenile Court Law.
The People, Plaintiff and Respondent,
v.
Edwardo V., Defendant and Appellant.
No. G021978.
Court of Appeal, Fourth District. Division 3.
March 3, 1999.
As Modified on Denial of Rehearing March 24, 1999.
Review Denied June 16, 1999.
Edward A. Hoffman, under appointment by the Court of Appeal, Los Angeles, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Jeffrey J. Koch and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
CROSBY, Acting P.J.
The juvenile court found Edwardo V. committed a first degree residential burglary. The minor contends the garage he burgled was not an inhabited dwelling within the meaning of Penal Code section 460. We disagree and affirm.

I
David Flournoy occupied one residence in a duplex in Newport Beach. The garage was located at the rear of the structure and *766 shared the roof and one wall with it. The tenants shared the garage, but neither had direct access to it from their respective dwellings. It could only be entered through the exterior door.
About 2:30 p.m. on June 18, 1997, Flournoy opened the garage door, but returned briefly to his home for a snack before leaving. He saw two males ride past on bicycles and minutes later heard a loud crash in the garage. He investigated and discovered three bicycles owned by his upstairs neighbors were missing. Two other bicycles were on the garage floor. Flournoy identified them as the ones he had just seen ridden past the duplex.
Later that afternoon a mail carrier saw two youths matching a police description of the suspects. Officers apprehended and detained the two individuals. Flournoy was transported to the scene and identified the minor, his companion, and the three missing bicycles in their possession.[1] No one in the duplex gave the minor permission to enter the garage or take the bicycles.
The minor testified he took a bus to the beach and met two friends who were riding bicycles. Later that afternoon he encountered one of the youths. He gave the minor a bike with a flat tire and asked him to help transport it. Moments later the police arrived and detained them.

II
Edwardo challenges the sufficiency of the evidence to establish a first degree burglary, claiming the garage was not an "inhabited dwelling house." (Pen.Code, § 460.) Pursuant to Penal Code section 460, a burglary of an inhabited dwelling house is first degree burglary. Over the years, the precise meaning of the term "inhabited dwelling house" has been the subject of considerable judicial scrutiny.
The minor concedes, "the individual apartments in [a multi-unit] building are dwelling houses," but argues, "the building as a whole is not." This is not that case, though. People v. Moreno (1984) 158 Cal.App.3d 109, 204 Cal.Rptr. 17 is more instructive. There, the defendant was convicted of the burglary of a garage attached to a house with a common roof, accessible only through an exterior entrance. The Court of Appeal concluded the garage was part of "an inhabited dwelling" even though the structure lacked an internal connecting door leading into the house: "[A] connecting door [is] only one method of demonstrating that a garage was an attached and integral part of a dwelling.... [G]iven the fact that the garage was under the same roof, functionally interconnected with, and immediately contiguous to other portions of the house, simple logic would suffer were we to leap over this interrelationship to a conclusion that a garage is not part of a dwelling because no inside entrance connects the two." (Id. at p. 112, 204 Cal.Rptr. 17; see People v. Cook (1982) 135 Cal.App.3d 785, 796, 185 Cal.Rptr. 576 ["where the garage is an attached and integral part of the house, it is simply one room of several which together compose the dwelling"].)
People v. Ingram (1995) 40 Cal.App.4th 1397, 48 Cal.Rptr.2d 256 confirmed "[t]here is no meaningful distinction between an attached garage with an outside door and an attached garage with an inside door for purposes of deciding the degree of burglary. The close physical proximity of an attached structure is precisely what increases the potential for confrontation and threatens the safety of residents. This potential is no less when access to the garage is from outside rather than from inside the house. The proper focus is whether the attached structure is an integral part of a dwelling, that is, functionally interconnected with and immediately contiguous to other portions of the *767 house. [Citation.] The absence of an inside door does not compel a designation of second degree burglary." (Id. at p. 1404, 48 Cal. Rptr.2d 256, italics added, disapproved on other grounds in People v. Dotson (1997) 16 Cal.4th 547, 560, fn. 8, 66 Cal.Rptr.2d 423, 941 P.2d 56.)
The minor complains Ingram, Moreno, and Cook "are all distinguishable from the present case because each involved burglary of a garage of a single-family residence; these cases thus shed no light on whether a common garage of a multi-unit apartment building falls within the ambit of [s]ection 460." He is wrong. In People v. Zelaya (1987) 194 Cal.App.3d 73, 239 Cal.Rptr. 289, the defendant and an accomplice entered an apartment building's garage though a damaged vent, gaining access to a hallway and the tenants' storage rooms. The appellate court held defendant was properly convicted of first degree burglary and explained, "[a]n apartment house is patently a dwelling house." (Id. at p. 75, 239 Cal.Rptr. 289.) The court also noted "a basement room or garage, `under the same roof with the living quarters, `functionally' connected therewith, and an `integral part' thereof, is part of an `inhabited dwelling house' within the meaning of Penal Code section 460. [Citations.] Even a carport, with three sides enclosed and the fourth open to the weather, has been deemed part of an `inhabited dwelling house.' (In re Christopher J. (1980) 102 Cal.App.3d 76, 78, 162 Cal.Rptr. 147.)" (Ibid.)
People v. Woods (1998) 65 Cal.App.4th 345, 75 Cal.Rptr.2d 917 also supports this conclusion. There, the defendant was convicted of first degree burglary of a common laundry facility in an apartment complex. A panel of this court affirmed: Because the laundry room was under the same roof, immediately contiguous to occupied apartments above and below and was normally locked to prevent unauthorized intrusions, it "was an integral part of the complex, and thus an inhabited dwelling." (Id. at p. 349, 75 Cal.Rptr.2d 917; see People v. Brown (1992) 6 Cal.App.4th 1489, 1496, 8 Cal.Rptr.2d 513 [under "reasonable expectation" test, "the proper question is whether the nature of a structure's composition is such that a reasonable person would expect some protection from unauthorized intrusions"]; People v. Zelaya, supra, 194 Cal.App.3d 73, 75-76, 239 Cal.Rptr. 289.)
The minor notes, "the burglary took place in a garage where residents of each apartment should have expected to regularly encounter residents of the other unit, as well as guests of those residents." True, but the minor did not fall within either of these classifications. And the building's tenants were reasonably entitled to believe they would not find burglars there either. We conclude the record contains sufficient evidence to support the trial court's implied finding that the tenants would expect protection from unauthorized intrusions in the garage and the area qualifies as an "inhabited dwelling house" within the meaning of Penal Code section 460.
Judgment affirmed.
RYLAARSDAM, J., and WALLIN, J.,[*] concur.
NOTES
[1] The minor has been deported, and his counsel has lost contact with him. We asked for briefing as to whether the appeal should be dismissed since it may be that a favorable determination would be of no use to Edwardo and further legal endeavors for naught. The parties agree we should resolve the matter on the merits. Defense counsel wishes to avoid a first tick on the Three Strikes law slate which a first degree burglary would entail, and both counsel suggest the issue presented should be resolved in a published opinion. Finally, the excellent briefing convincingly establishes that the law does bar a finding of mootness here. (See, e.g., United States v. Campos-Serrano (1971) 404 U.S. 293, 294, fn. 2, 92 S.Ct. 471, 30 L.Ed.2d 457.)
[*] Retired Associate Justice of the Court of Appeal, assigned by the Chief Justice pursuant to California Constitution, article VI, section 6.