Filed 8/24/20  P. v. Brown CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BERNARD BROWN, JR.,<br><br>     Defendant and Appellant. | B295442<br><br>(Los Angeles County<br>Super. Ct. No. NA109769) |

APPEAL from judgment of the Superior Court of Los Angeles County.  James D. Otto, Judge.  Modified and affirmed with directions.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Bernard Brown, Jr. appeals the judgment entered following a jury trial in which he was convicted of four counts of first degree residential burglary (counts 1, 2, 4, and 5; Pen. Code,[1] § 459) and one count of driving or taking a vehicle without consent (count 3; Veh. Code, § 10851, subd. (a)). As to count 2, the jury found true the allegation that another person other than an accomplice was present in the residence during the burglary. (Pen. Code, § 667.5, subd. (c).) Appellant admitted a prior conviction for driving or taking a vehicle without consent pursuant to section 666.5, and two prior convictions that qualified as strikes and as prior serious felony convictions (§ 667, subd. (a)(1)). The trial court imposed an aggregate sentence of 64 years to life.[2]

Appellant contends and respondent agrees that appellant's convictions on counts 4 and 5 for first degree residential burglary should be reduced to second degree burglary and the matter remanded to the trial court for resentencing. We agree. We reject appellant's further contention that section 654 prohibits separate punishments for counts 1, 4 and 5 as well as his argument that counsel was ineffective for failing to make this meritless argument. Finally, we find substantial evidence supports appellant's conviction on count 5.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Appellant's sentence included a concurrent 12-year four-month probation revocation sentence in Los Angeles County Superior Court case No. NA105258.

## FACTUAL BACKGROUND[3]

In June 2018, John Atkinson and Valerie Adams lived in separate units of an apartment complex in Long Beach. The complex had a gated parking structure on the first floor; the residents' apartments were two floors above the garage. Cars could enter the garage through an automated gate with a remote control. Pedestrians could access the garage through the same gate or by entering the apartment complex and then the garage through locked doors requiring a key.

On the evening of June 24, 2018, Adams drove her Honda Civic into the parking garage, parked, and locked the car. Between 9:00 and 10:00 that night, Adams's daughter, Tammy Brawner, drove her Mercedes Benz into the garage and parked it alongside the Honda. She locked the car and went to her mother's apartment where she spent the night.

Atkinson pulled his Chevy Camaro into the parking garage around 1:15 a.m. on June 25, 2018. He parked in his assigned space next to Adams's Honda and the Mercedes, locked his car, and went to his apartment.

When Atkinson went to his car around 7:15 a.m. on June 25, 2018, he discovered his car's front passenger side window had been shattered during the night. A pair of glasses, a Louis Vuitton wallet, a black wallet that Atkinson used for work, an iPod, a bag containing sports gear, and a set of keys were

---

[3] In this appeal, appellant challenges only his burglary convictions on counts 1, 4, and 5 of the five-count information filed on October 3, 2018. The facts underlying counts 2 and 3 of the information, which pertain to two separate offenses, are not relevant to this appeal. We therefore omit recitation of those facts.

missing from the car. The black wallet contained Atkinson's work ID, a medical card, debit card, and his driver's license.

Atkinson called the police and reported the break-in and theft. Having noticed the front driver's side window of the Mercedes next to his car had been shattered, he went upstairs to inform Adams and Brawner of the damage to the cars.

Brawner found that the front driver's side window of the Mercedes had been completely smashed out, and the glove compartment and center console were open. Two wallets containing Brawner's identification, three debit cards and cash were missing. An Apple laptop computer and a few other items had been taken as well. The front driver's side window of the Honda was also smashed out and interior compartments stood open. Adams reported that a pair of eyeglasses, an eyeglass case, an iPad, and a pair of Nike shoes were missing.

Atkinson contacted his credit union around 9:00 a.m. and learned that his debit card had been used at a McDonald's that morning. Records from a Long Beach Target store showed that a purchase was attempted using Atkinson's and Brawner's debit or credit cards at a self-checkout machine on the morning of June 25, 2018. A surveillance video from the Target showed appellant and another person using the self-checkout machines and leaving the store.

Appellant was arrested a few weeks later, on July 18, 2018. At the time of his arrest he was carrying a men's Louis Vuitton wallet, which Atkinson identified as the one that had been stolen from his car. Appellant was found in possession of a device for breaking car windows when he was arrested. Appellant resembled the person making purchases with the stolen credit or debit cards on June 25, 2018, in the Target surveillance video,

4

and his shoes with distinctive shoelaces matched those of the person in the video. In addition, appellant's tattoos on his arm and an angel wing tattoo on his neck were consistent with the tattoos visible on the subject of the surveillance video.

## DISCUSSION

### I. The Convictions on Counts 4 and 5 Must Be Reduced to Second Degree Burglary

#### A. *Standard of review*

Appellant asserts that the evidence was insufficient to support first degree burglary convictions on counts 1, 4 and 5. Instead, he maintains that the evidence supported only one count of first degree burglary because he only entered the apartment complex parking garage one time and there was no evidence anyone was inside the vehicles when they were burglarized. The standard of review for appellant's claim is well settled: "When the sufficiency of the evidence to support a conviction is challenged on appeal, we review the entire record in the light most favorable to the judgment to determine whether it contains evidence that is reasonable, credible, and of solid value from which a trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] Our review must presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*People v. Zaragoza* (2016) 1 Cal.5th 21, 44.)

#### B. *Appellant committed a first degree burglary when he entered the inhabited building's parking garage and second degree burglaries when he broke into the unoccupied vehicles*

Appellant contends and respondent concedes that the single entry into the garage of the inhabited apartment building

supports only one conviction for first degree residential burglary, and appellant's convictions on counts 4 and 5 must be reduced to second degree burglary. We agree.

"Burglary is committed when a person 'enters any . . . building' with the intent of committing 'larceny or any felony.' " (*People v. Yarbrough* (2012) 54 Cal.4th 889, 890; *People v. Montoya* (1994) 7 Cal.4th 1027, 1041 (*Montoya*) ["burglary consists of an act—unlawful entry—accompanied by the 'intent to commit grand or petit larceny or any felony' "]; § 459.) There are two degrees of burglary: A burglary of an inhabited dwelling—residential burglary—is of the first degree; "[a]ll other kinds of burglary are of the second degree." (§ 460, subds. (a) & (b); *Yarbrough*, at p. 892.)

Courts give the term "inhabited dwelling" a broad, inclusive definition, focusing on whether the dwelling is used as a residence. (*People v. Cruz* (1996) 13 Cal.4th 764, 776; *People v. Thorn* (2009) 176 Cal.App.4th 255, 261 (*Thorn*).) "[T]he term 'inhabited dwelling house' means a 'structure where people ordinarily live and which is currently being used for dwelling purposes. [Citation.] A place is an inhabited dwelling if a person with possessory rights uses the place as sleeping quarters intending to continue doing so in the future.' " (*Cruz*, at p. 776; *Thorn*, at p. 261.)

Numerous courts have found an attached garage to be functionally connected to the building to which it is attached, and thus part of the inhabited dwelling for purposes of first degree burglary. (See, e.g., *People v. Debouver* (2016) 1 Cal.App.5th 972, 981–982 [secured underground garage was integrated part of apartment complex]; *People v. Harris* (2014) 224 Cal.App.4th 86, 89–90 [attached garage converted to guestroom with no direct

6

access to the main house was part of the inhabited dwelling]; *Thorn, supra,* 176 Cal.App.4th at pp. 262–263 [carports located directly underneath apartments designated for residents' parking were " 'functionally interconnected' with the inhabited dwelling"]; *In re Edwardo V.* (1999) 70 Cal.App.4th 591, 594 [garage attached to residential duplex with no direct access to living units qualifies as an inhabited dwelling house under § 460]; *People v. Fox* (1997) 58 Cal.App.4th 1041, 1047 [trial court properly instructed jury that, when garage is attached to inhabited dwelling, it is considered part of the inhabited dwelling]; *People v. Ingram* (1995) 40 Cal.App.4th 1397, 1402, 1404 [garage with no direct access to house was functionally connected to residence where it shared roof with residence], overruled on other grounds in *People v. Dotson* (1997) 16 Cal.4th 547, 560, fn. 8.)

Here, appellant was charged and convicted of three counts of first degree burglary—one count for each car he broke into in the same residential parking garage. But as appellant correctly maintains, the evidence established only one count of first degree burglary for a single entry into the apartment complex garage with the intent to commit theft and the actual theft of items from Atkinson's Chevy charged in count 1. There was no evidence appellant entered the garage more than once with the intent to commit theft, and thus no evidence that he committed more than one first degree residential burglary. (See *People v. Washington* (1996) 50 Cal.App.4th 568, 578–579 ["every entry with the requisite intent supports a separate conviction"].)

On the other hand, there was substantial evidence that appellant broke into the Honda and the Mercedes intending to commit theft. There was no evidence the cars themselves were inhabited. Accordingly, as appellant contends, the evidence

7

supported convictions on counts 4 and 5 for second degree vehicular burglary, but not first degree residential burglary. (§§ 459, 460, subd. (b).)

Section 1181, subdivision 6, permits an appellate court to modify a verdict, finding or judgment where "the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, . . . without granting or ordering a new trial." (*People v. Cardona* (1983) 142 Cal.App.3d 481, 484 [reducing first degree burglary conviction to lesser offense where evidence insufficient to support finding that the property was inhabited, but there was no doubt of defendant's guilt as to second degree burglary]; see *People v. Daly* (1992) 8 Cal.App.4th 47, 57; *People v. Tubby* (1949) 34 Cal.2d 72, 79 [modifying judgment on appeal and affirming as modified where evidence insufficient to support murder in the first degree, but "unquestionably sufficient to support a conviction of second degree murder"].)

Because the evidence was insufficient to support first degree burglary convictions on counts 4 and 5, but was clearly sufficient to support convictions of second degree burglary, the judgment must be modified by reducing the degree of the crimes

on counts 4 and 5 from first to second degree.[4]  The matter must then be remanded to the trial court for resentencing.[5]

## II.   Section 654 Does Not Prohibit Separate Punishments on Counts 1, 4 and 5

Appellant contends that separate punishments for counts 1, 4 and 5 are prohibited under section 654 because they arose from an indivisible course of conduct.[6]  He thus asserts that in accordance with section 654, the trial court must impose midterm sentences on counts 4 and 5 and suspend execution of sentence on those counts.  We disagree.

---

[4] In light of our holding on this issue, appellant's claims of ineffective assistance of counsel with respect to his convictions on counts 1, 4 and 5 are moot, and we need not address them.  (See *People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198 [" 'an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events' "]; *In re Carr* (1981) 116 Cal.App.3d 962, 964, fn. 1 [issue becomes moot when relief sought is granted].)

[5] Upon resentencing, the trial court may reexamine all of its sentencing choices in consideration of the entire sentencing scheme.  (*People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one component infects the entire scheme"]; *People v. Bautista* (2005) 129 Cal.App.4th 1431, 1438.)

[6] Although the issue was not raised below, it is nevertheless cognizable because "[a]n unauthorized sentence is reviewable on appeal regardless of whether it was objected to at trial." (*People v. Rivera* (2019) 7 Cal.5th 306, 349.)

**A. *Applicable law***

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654, subd. (a); *People v. Correa* (2012) 54 Cal.4th 331, 335 (*Correa*).) When a defendant suffers multiple convictions for a single act or course of conduct and section 654 applies to bar multiple punishment, "the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited." (*People v. Reed* (2006) 38 Cal.4th 1224, 1227 (*Reed*); *Correa*, at p. 337.)

By its plain terms, section 654 applies only to "[a]n act or omission that is punishable in different ways by *different* provisions of law." (§ 654, subd. (a), italics added; *Correa, supra*, 54 Cal.4th at p. 341.) Thus, the statute only protects against multiple *punishments* for a single act or course of conduct; it does not prohibit multiple convictions for various offenses that may result from the same act or omission. (*Correa*, at pp. 336–337; *Reed, supra*, 38 Cal.4th at p. 1226 ["In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct"].)

Our Supreme Court has explained that "the purpose of section 654 is to ensure that a defendant's punishment will be commensurate with his culpability. (See, e.g., *People v. Oates* (2004) 32 Cal.4th 1048, 1063 . . . ; [*People v.*] *Latimer* [(1993) 5 Cal.4th 1203,] 1211; *People v. Perez* (1979) 23 Cal.3d 545, 550–

551 . . . ; *Neal* [*v. State of California* (1960)] 55 Cal.2d [11,] 20.)" (*Correa*, *supra*, 54 Cal.4th at p. 341.) In furtherance of the statute's aim, its "protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.'" (*People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*).) That objective, however, would not be served by applying section 654 as "a bar to multiple punishment for multiple violations of the same provision of law." (*Correa*, *supra*, 54 Cal.4th at p. 341.)

Accordingly, courts have held section 654 inapplicable in certain situations. For example, section 654 does not bar multiple punishments when the defendant has engaged in an act of violence against multiple victims. Section 654 is also "inapplicable to a course of conduct if the defendant ' "entertained multiple criminal objectives which were independent of and not merely incidental to each other." ' [Citation.] The application of this second exception ' " 'depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " ' " (*People v. Newman* (2015) 238 Cal.App.4th 103, 112; *Harrison*, *supra*, 48 Cal.3d at p. 335.) Finally, section 654 does not prohibit multiple punishments where the defendant's course of conduct—even if it is directed to one objective—is divisible in time. (*People v. Gaio* (2000) 81 Cal.App.4th 919, 935; *People v. Beamon* (1973) 8 Cal.3d 625, 639, fn. 11 ["a course of conduct divisible in time, although directed to one objective, may give rise to multiple violations and punishment"].) "This is particularly so where the offenses are temporally separated in such a way as to afford the defendant opportunity to reflect and to renew his or her intent before

11

committing the next one, thereby aggravating the violation of public security or policy already undertaken." (*Gaio*, at p. 935.)

In *People v. Bowman* (1989) 210 Cal.App.3d 443, 448, the court found no violation of section 654 in the trial court's imposition of consecutive sentences where the defendant had broken into a car dealership, stolen supplies from an office, and broken into vehicles to steal electronics. The court explained: "Here defendant did not commit a single break-in as contended, but rather committed multiple break-ins, each with a separate felonious intent. While the felonious intent in each instance was the same, this does not make the various violations incidental to each other or to one primary criminal objective. Thus, even though the violations were part of an otherwise indivisible course of conduct in that they occurred during one night, it was within the trial court's discretion to impose consecutive sentences." (*Ibid.*; see also *People v. O'Keefe* (1990) 222 Cal.App.3d 517, 522 [section 654 did not bar multiple punishments for burglaries of several dormitory rooms in same building because "entry into each room was separate and divisible conduct"].)

In our review of a sentencing claim under section 654 where the trial court made no explicit ruling as to the application of section 654, "we infer that the court made the finding appropriate to the sentence it imposed, [and] we must affirm the sentence if an implied finding that section 654 does not apply is supported by substantial evidence." (*People v. Mejia* (2017) 9 Cal.App.5th 1036, 1045; *People v. Tarris* (2009) 180 Cal.App.4th 612, 626–627.)

12

**B.** *Section 654 does not apply to appellant's burglary convictions*

Appellant contends that because each of the three burglaries in counts 1, 4 and 5 arose from an indivisible course of conduct—a single entry into the parking garage—section 654 bars multiple punishments for the three offenses. To the contrary, based on our determination that the judgment must be modified by reducing the degree of the crimes in counts 4 and 5 from first to second degree burglary, it is clear that each burglary arose from a separate unlawful entry. Section 654 thus has no application to appellant's sentence on counts 1, 4 and 5.

The evidence in this case established that appellant committed three separate burglaries, not, as he contends, an indivisible course of conduct based on a single entry into the garage. He committed the first degree burglary charged in count 1 when he unlawfully entered the parking garage of the apartment building with the intent to commit a theft and broke into Atkinson's Chevy Camaro. He committed the second degree burglary charged in count 4 when he unlawfully broke into Brawner's locked Mercedes Benz with the intent to steal. And when he unlawfully broke into Adams's locked Honda Civic in the garage intending to commit a theft, he committed the second degree burglary charged in count 5.

Each of these break-ins constituted separate and divisible conduct: Each one was accompanied by a separate felonious intent, and appellant had ample opportunity to reflect after the first entry into the parking garage and after each entry into a

13

vehicle. The multiple punishment prohibition under section 654 does not apply to these facts.**7**

## III. Appellant's Conviction on Count 5 Is Supported by Substantial Evidence

We reject appellant's challenge to the sufficiency of the evidence to support the conviction on count 5. Contrary to appellant's argument, substantial evidence established that appellant committed second degree burglary in count 5 by breaking into the locked Honda Civic with the intent to commit theft.

As set forth above, appellant's challenge requires us to review the whole record in the light most favorable to the judgment, presuming in its support every fact that a finder of fact could reasonably deduce from the evidence. (*People v. Flores* (2020) 9 Cal.5th 371, 411.) This standard applies regardless of whether the prosecution relies on direct or circumstantial evidence. (*People v. Thompson* (2010) 49 Cal.4th 79, 113.) Indeed, "[e]ven where, as here, the evidence of guilt is largely circumstantial, our task is not to resolve credibility issues or evidentiary conflicts, nor is it to inquire whether the evidence might ' " 'be reasonably reconciled with the defendant's innocence.' " ' " (*People v. Gomez* (2018) 6 Cal.5th 243, 278.)

---

**7** We also reject appellant's ineffective assistance of counsel claim with respect to this issue. Because "[d]efense counsel does not render ineffective assistance by declining to raise meritless objections" (*In re A.A.* (2018) 30 Cal.App.5th 596, 600; *People v. Price* (1991) 1 Cal.4th 324, 387), appellant's trial counsel cannot be deemed ineffective for failing to assert the meritless argument that section 654 barred separate punishments for counts 1, 4 and 5.

14

Appellant's challenge here focuses solely on the issue of identity, as he claims that because he was not found in possession of any property stolen from the Honda, the evidence was insufficient to conclude he was the perpetrator. However, the fact that appellant was not caught with any stolen property from the Honda is not dispositive of the issue of the perpetrator's identity. Other circumstantial evidence presented established the identity of the perpetrator, even if the stolen property was never recovered. Indeed, "[o]ne may [be] liable for burglary upon entry with the requisite intent to commit a felony or a theft (whether felony or misdemeanor), regardless of whether the felony or theft committed is different from that contemplated at the time of entry, or whether any felony or theft actually is committed." (*Montoya*, *supra*, 7 Cal.4th at pp. 1041–1042.)

There was overwhelming evidence in this case that appellant had burglarized the two other vehicles parked right next to the Honda on the same night the Honda's window was broken and items from inside the car disappeared. At the time of his arrest, appellant had Atkinson's Louis Vuitton wallet from the Chevy in his possession, and surveillance video from a Target store showed appellant attempting to use credit or debit cards stolen from the Chevy and the Mercedes within hours of the burglaries. In addition, appellant was found with a device for breaking car windows when he was arrested. On the strength of this evidence it was reasonable for the jury to conclude that because he had broken into the Chevy and the Mercedes with the intent to steal on the same night and in the same location, appellant had also broken into the Honda intending to commit a theft.

The fact that this evidence may also be reconciled with appellant's theory that someone other than appellant may have burglarized the Honda that night does not warrant reversal of count 5. " 'Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.' " ' " (*People v. Stanley* (1995) 10 Cal.4th 764, 792–793; *People v. Cravens* (2012) 53 Cal.4th 500, 508 ["The conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]" ' "].)

**DISPOSITION**

The judgment is modified to reduce appellant's convictions in counts 4 and 5 to second degree burglary and the matter is remanded for resentencing. As modified, and in all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

17