[No. D068971. Fourth Dist., Div. One. Jan. 12, 2017.]

In re M.F., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
M.F., a Minor, Defendant and Appellant.

**490**

**COUNSEL**

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., Randall D. Einhorn and Susan Miller, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**AARON, J.**—Defendant M.F. appeals from the juvenile court's disposition order declaring him a ward of the court pursuant to Welfare and Institutions Code[1] section 602, committing him to a residential program, and setting probation conditions. He contends that the court erred by (1) admitting cumulative and prejudicial testimony and exhibits at the disposition hearing; (2) committing him to a 480-day residential program; (3) imposing an unconstitutionally overbroad probation condition restricting his possession of electronic devices; (4) designating one of his offenses as a felony without a proper section 702 finding; and (5) failing to deduct his predisposition custody credits when calculating his maximum term of confinement.

We conclude that the juvenile court erred in imposing an overly broad probation condition regarding electronic devices and in failing to deduct predisposition custody credits when determining M.F.'s maximum time of confinement.[2] We therefore reverse the disposition order in part, and remand for the juvenile court to modify its order to include (1) a more narrowly tailored probation condition, and (2) a deduction of M.F.'s predisposition custody credits in its determination of his maximum period of confinement. In all other respects, we affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Factual Background*

In May 2015, police detained M.F. at his high school after he gave one of his teachers a letter stating that she "should be worried about getting shot," and that she "did not know what her students were capable of or what they

---

[1] Unless otherwise specified, all subsequent statutory references are to the Welfare and Institutions Code.

[2] M.F. recently filed a notice of abandonment of appeal and request for dismissal. Pursuant to California Rules of Court, rule 8.316(b)(2), we retain jurisdiction to deny a request for dismissal when it occurs after the appellate record has been filed, particularly if the appeal "poses an issue of broad public interest that is likely to recur." (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 920, fn. 2 [193 Cal.Rptr.3d 125]; see also *Lucchesi v. City of San Jose* (1980) 104 Cal.App.3d 323, 326, fn. 2 [163 Cal.Rptr. 700].) In this case, we denied the dismissal request to address the constitutionality of the electronic device probation condition.

may have at home." When detained, he was wearing an empty holster. The police searched M.F.'s backpack and found journals that described a plan to kill individuals associated with schools that he had attended.[3] The journals also contained a list of supplies that he would need to carry out his plan and "hit lists" of potential victims, with various types of "punishments" (such as wound, torture, death, rape, or a combination thereof) next to each name. In addition, one journal entry indicated that M.F. had been "faking it" while participating in anger management and counseling following his 2013 expulsion.

The police searched M.F.'s bedroom and found 20 rounds of live ammunition, several replica firearms, gun magazines, gun cleaning equipment and gun holsters, including one for a Glock firearm, a handgun case, a folding knife, black ski masks and a balaclava (a knit cap that covers the head and shoulders). The police also found tactical gear, including a ballistic helmet, vest and armor plates. Several items found in M.F.'s bedroom had been checked off on his supply list.

M.F. told police that he had been involved in a militia for several years and said that he had shot approximately 1,500 rounds of ammunition during firearms training. He also admitted having borrowed a Glock and a rifle from militia members, which he had kept hidden, but claimed that he had returned the guns. M.F. made similar statements in an interview with a probation officer. In addition, he indicated that the militia had given him body armor, which he said he used "mostly" for his job as a paintball referee. He claimed that his journal entries were intended to be cathartic and he had no intention of physically harming anyone. Regarding his participation in anger management and decisionmaking counseling in 2014, he admitted that the programs had been ineffective in helping him appropriately channel his anger.

B. *Procedural Background*

The San Diego County District Attorney filed a juvenile wardship petition (§ 602) against M.F., alleging that he had made criminal threats (Pen. Code, § 422), threatened a public employee (Pen. Code, § 71), and possessed ammunition (Pen. Code, § 29650). In June 2015, he admitted the allegations in the petition.

In August 2015, following a contested disposition hearing, the court declared M.F. a ward of the court, removed him from his parents' custody and committed him to the Youthful Offender Unit (YOU) for up to 480 days.

---

[3] In 2013, M.F. was expelled from another school for dressing in tactical gear on Halloween and carrying a binder that contained materials referencing Columbine High School. He then attended a juvenile court and community school before enrolling in the school where he was ultimately detained.

M.F. filed a timely notice of appeal.

DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.  *Constitutionality of Electronic Device Probation Condition*

A.  *Argument*

Condition number 49 of the probation conditions that the juvenile court imposed provides as follows: "The minor shall not knowingly possess an electronic device, such as a computer, electronic notepad, paging device, or cell phone, except in the course of lawful employment or for a school-authorized project."[7] M.F. argues that the condition should either be stricken or modified. M.F. contends that this condition is unconstitutionally overbroad because it implicates his freedom to communicate and gather information.

B.  *Governing Law*

■  The juvenile court has broad discretion to impose reasonable probation conditions. (§ 730, subd. (b); *In re Sheena K.* (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282] (*Sheena K.*).) Because juveniles require more guidance than adults do, and their constitutional rights are more limited, it may be appropriate for the juvenile court to impose a probation condition on a minor that would be improper or unconstitutional if imposed on an adult. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910 [106 Cal.Rptr.3d 584] (*Victor L.*).) However, the juvenile court's discretion is not unlimited; the court may not order probation conditions that are unconstitutionally overbroad. (*Sheena K., supra,* at p. 890.) A probation condition is unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights and is not narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation. (*Ibid.*)

■  The right to free speech is a fundamental, constitutionally protected right. (*Balboa Island Village Inn, Inc. v. Lemen* (2007) 40 Cal.4th 1141, 1147 [57 Cal.Rptr.3d 320, 156 P.3d 339].) Laws that attempt to regulate expression are carefully scrutinized because they pose a particular danger of state abuse. (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1237 [15 Cal.Rptr.3d 168]

---

*See footnote, *ante,* page 489.

[7] M.F.'s counsel objected to imposition of the condition at the disposition hearing.

(*Stevens*).) In today's society, wireless devices, such as cell phones, are considered an "important media for communication." (*Victor L., supra*, 182 Cal.App.4th at p. 919.) In addition, courts have recognized the increasing importance of computer and Internet access (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1348 [159 Cal.Rptr.3d 335] (*Pirali*), and have held that restricting such access impacts First Amendment rights (*Stevens, supra*, at p. 1236, citing *Ashcroft v. American Civil Liberties Union* (2004) 542 U.S. 656 [159 L.Ed.2d 690, 124 S.Ct. 2783]; *Clement v. California Dept. of Corrections* (9th Cir. 2004) 364 F.3d 1148).

California appellate courts have generally upheld the constitutionality of probation conditions prohibiting the use of electronic devices as narrowly tailored when they are closely related to the circumstances of an adult offender's crime. (See *Pirali, supra*, 217 Cal.App.4th at p. 1343 [upholding prohibition on Internet use without probation officer preapproval when crime involved possession of child pornography on the appellant's computer]; *People v. Harrisson* (2005) 134 Cal.App.4th 637, 641, 647 [36 Cal.Rptr.3d 264] [upholding prohibition on Internet access when crime involved Internet use in an attempt to solicit sex with a minor]; but see *Stevens, supra*, 119 Cal.App.4th at pp. 1238–1239 [reversing prohibition on computer and Internet access when the appellant's molestation conviction was unrelated to his computer or Internet use].)

In *Victor L.*, an appellate court considered the constitutionality of probation conditions prohibiting a juvenile offender from possessing mobile communications equipment or a computer with Internet access. (*Victor L., supra*, 182 Cal.App.4th at pp. 919–927.) The police discovered Victor sitting in a parked car in which weapons were found, surrounded by fellow gang members, and Victor admitted to possessing a weapon. (*Id.* at p. 908.) In upholding the mobile communications devices restriction, the appellate court noted that such devices are "tools of the trade for gang members," and concluded that the restriction was narrowly tailored to prevent future crimes because (1) it did not prohibit use of all communications devices, and (2) it had a legitimate probationary purpose since the use of a mobile device is more difficult to supervise, and the court may reasonably have concluded that Victor would not be able to resist using the device to contact other gang members. Thus, the probation condition at issue would increase the likelihood that he would comply with other probation conditions. (*Id.* at pp. 921–922.) The court also noted that the restriction was not an absolute ban on the possession or use of mobile communications devices because it contained an exception for use or possession authorized by the probation officer. (*Id.* at p. 922.) The court further concluded that the restriction on possessing an Internet-enabled computer was proper because it served the same purpose as the prohibition of mobile communications devices by preventing use for improper purposes and promoting the enforceability of other probation conditions. (*Id.* at p. 926.)

### C. *Standard of Review*

We review constitutional challenges to probation conditions de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143 [116 Cal.Rptr.3d 84].)

### D. *Analysis*

The probation condition prohibiting M.F. from knowingly possessing an electronic device, except for purposes of employment or school projects, constitutes a restriction on his freedom of speech, because it interferes with his ability to communicate through the Internet and via cell phone. (See, *Stevens, supra*, 119 Cal.App.4th at p. 1236; *Victor L., supra*, 182 Cal.App.4th at p. 919.) We must therefore determine whether the restriction is narrowly tailored and reasonably related to the compelling state interest in M.F.'s rehabilitation. (*Sheena K., supra*, 40 Cal.4th at p. 890.) M.F.'s offenses are threatening gun violence and possessing ammunition. Evidence established that he routinely used the Internet to obtain information about guns and how to hide them, as well as other information that could assist him in planning and carrying out his threat. Thus, to the extent that the condition prohibits M.F.'s unsupervised use of an electronic device with Internet access, the restriction appears to be related to the circumstances of his crime and appropriately tailored to his rehabilitation under the reasoning applied in *Victor L.* (*Victor L., supra*, 182 Cal.App.4th at pp. 921–922.)

■ However, the condition also appears to prohibit M.F. from using a wireless telephone handset in his home or a cell phone (irrespective of Internet access or text messaging capability) to communicate with anyone for any purpose other than education or employment. Such a prohibition on M.F.'s use of a telephone does not appear to be closely connected to the circumstances of his crime. His criminal threat was made on a piece of paper, and to the extent that there was evidence of other threats on his electronic devices, or of contacts with purported militia members, none is alleged to have occurred through oral telephonic communication. Unlike the circumstance in *Victor L.*, in which a cell phone was characterized as a tool of the trade for a juvenile gang member, the record in this case does not suggest that M.F. would be likely to use an electronic device limited to oral communications in a way that would hinder his rehabilitation.

We therefore conclude that the probation condition barring M.F.'s knowing possession or use of all electronic devices, except for the limited purpose of employment or school projects, imposes a restriction on his freedom of speech that is not narrowly tailored to the circumstances of his crimes and his rehabilitation. For example, M.F. should be permitted to use and possess a telephone (without Internet or text messaging capability), such as a basic cell

phone or wireless telephone handset. Accordingly, we direct the juvenile court to modify the condition to identify more precisely the nature of the electronic devices that the court seeks to prohibit. In doing so, the court should consider the purpose that this condition is intended to serve, in the context of his other probation conditions, and how it may be tailored to best help M.F. avoid repeating his offense or generally aid in his rehabilitation.

IV., V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The disposition order is reversed as to probation condition number 49 and the predisposition custody credits to which M.F. is entitled. The matter is remanded to the juvenile court with directions to modify its order consistent with this opinion. The order is affirmed in all other respects.

Benke, Acting P. J., and Huffman, J., concurred.

---

*See footnote, *ante*, page 489.