Filed 5/2/17 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B271300 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA094777) |
| v. | ORDER MODIFYING THE OPINION AND DENYING RESPONDENT'S PETITION |
| CLYDELL BRYANT, | FOR REVIEW (NO CHANGE IN THE JUDGMENT) |
| Defendant and Appellant. | |

THE COURT:

On the court's own motion, the opinion filed in the above-entitled matter on April 3, 2017, shall be modified in the following manners:

On page 4, in the first paragraph of the Discussion, the following sentence and citations are deleted:
Under that statute, the court has discretion "to impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision." (*People v. Catalan* (2014) 228 Cal.App.4th 173, 178, citing § 1170, subd. (h)(5)(B).)

This deletion shall be replaced with the following sentence and citation:

Under that statute, the court shall impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision unless, in the interests of justice, it would not be appropriate in a particular case.  (§ 1170, subd. (h)(5).)

On page 8, the citations that appear on lines 17 through 20 are deleted and replaced with the following citations:  (See, e.g., In re J.E., supra, 1 CalApp.5th 795; In re P.O., supra, .

On page 13, in the first paragraph, the citation to *Ebertowski*, *supra*, 228 Cal.App.4th 1170 is replaced with the following citation:
*People v. Ebertowski* (2014) 228 Cal.App.4th 1170 (*Ebertowski*)

On page 13, in the first paragraph, the two references to "minor" are replaced with the word "defendant" in both places so that the first three sentences (and supporting citations) shall read:

The Attorney General, however, relies on *People v. Ebertowski* (2014) 228 Cal.App.4th 1170 (*Ebertowski*), and *In re J.E.*, *supra*, 1 Cal.App.5th 795.  In *Ebertowski*, the defendant was a gang member who brandished a weapon, told an arresting "officer that he was ' "[f]ucking with the wrong gangster," ' " and repeatedly threatened the officer and the officer's family. (*Ebertowsk*, *supra*, 228 Cal.App.4th at pp. 1172-1173.)  The defendant pleaded no contest to making criminal threats and resisting or deterring an officer, and admitted a gang allegation.

On page 14, in the second sentence of the paragraph that begins with "*Ebertowski* and *In re J.E.* are distinguishable,"

replace the word "minor" with the word "defendant" so that the second sentence shall read:

There is no evidence that Bryant, unlike the defendant in *Ebertowski*, used any electronic device to promote gang activity.

These modifications do not constitute a change in judgment.

Respondent's petition for rehearing, filed on April 18, 2017 is denied.

<u>CERTIFIED FOR PUBLICATION</u>.

_____
ROTHSCHILD, P. J.          CHANEY, J.          JOHNSON, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>CLYDELL BRYANT,<br><br>　　Defendant and Appellant. | B271300<br><br>(Los Angeles County<br>Super. Ct. No. GA094777)<br><br>ORDER MODIFYING THE<br>OPINION (NO CHANGE IN<br>THE JUDGMENT) |

THE COURT:

　　On the court's own motion, the opinion filed in the above-entitled matter on April 3, 2017, shall be modified in the following manner:

　　On page 8, the text of footnote 5 is deleted and replaced with the following paragraph:

　　Our Supreme Court has granted review in *In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923.  That case presents the following issue:  Did the trial court err by imposing an electronics search condition on the juvenile as a condition of his probation when that condition had no relationship to the crimes he committed but was justified on appeal as reasonably related to future criminality under *Olguin*,

*supra*, 45 Cal.4th 375 because it would facilitate the juvenile's supervision?

This modification does not constitute a change in the judgment.

<u>CERTIFIED FOR PUBLICATION</u>.

_____

ROTHSCHILD, P. J.      CHANEY, J.      JOHNSON, J.

Filed 4/3/17 (unmodified version)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B271300 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA094777) |
| v. | |
| CLYDELL BRYANT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Villalobos, Judge. Affirmed with directions.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez, and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Clydell Bryant of possessing a concealed, loaded, unregistered firearm in a vehicle. The court imposed a two-year sentence, a portion of which was to be served under mandatory supervision. During the period of mandatory supervision, the court required Bryant to submit to searches of text messages, emails, and photographs on any cellular phone or other electronic device in his possession or residence. He contends that the requirement is invalid under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*) and is unconstitutionally overbroad. We agree that the condition is invalid under *Lent* and, accordingly, strike the condition.

## FACTUAL AND PROCEDURAL SUMMARY

On a night in August 2014, Pasadena police officers responded to a call for service outside a housing complex where a group of individuals were drinking and refusing to leave the area. Bryant and his girlfriend, Lamaine Jones, were smoking marijuana in a parked car in the area. Jones sat in the driver's seat and Bryant in the passenger seat. The car belonged to Jones's mother.

A Pasadena police officer approached the driver's side of the car and smelled a strong odor of marijuana coming from the car. The officer asked Jones and Bryant to step out of the car so he could check for marijuana. Jones and Bryant complied.

The police officer searched the car and found a semi-automatic .45 caliber Hi-Point handgun under the front passenger seat. According to the officer, the gun was accessible to a person in the passenger seat, but not the driver's seat. There were nine bullets in the gun's magazine. The police later determined that the gun was not registered. Bryant's DNA matched DNA found on the gun's magazine. DNA from several persons found on the gun's handle could not be matched to any specific person.

A jury convicted Bryant of carrying a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1)),[1] and found that the firearm was loaded and not registered to him. (§ 25400, subds. (a) & (c)(6).)

The court sentenced Bryant to two years in county jail pursuant to section 1170, subdivision (h), and suspended the last 364 days of the term. During the time the sentence was suspended, Bryant would be subject to mandatory supervision by the county probation department pursuant to section 1170, subdivision (h)(5)(B).

Over Bryant's objection, the court required that, during the term of his mandatory supervision, Bryant submit to searches of text messages and emails on any cellular phone or other electronic device in his possession or residence. In response to defendant's objection to the requirement, the court explained: "Well, it seems to me that while he's on either probation or supervision, the probation officer could go in and search his residence and his person and he could look in the residence for any indicia of any violations either weapons or contraband, or he or she could look for evidence that the defendant is participating or associating with any gangs. [¶] It seems to me that a part of that search should include, while he's on supervision or probation, access to any computer that he uses in the home or his cell[]phone; however, I don't think it's unlimited access, and I would limit it to maybe his text messages and e-mails and nothing else."

At the prosecutor's request and over defendant's further objection, the court added photographs to the items subject to search on Bryant's electronic devices, explaining that this was

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

"reasonable because I think prior experiences have shown there may be evidence with the photographs."[2]

## DISCUSSION

The court sentenced Bryant pursuant to subdivision (h) of section 1170.  Under that statute, the court has discretion "to impose a hybrid or split sentence consisting of county jail followed by a period of mandatory supervision." (*People v. Catalan* (2014) 228 Cal.App.4th 173, 178, citing § 1170, subd. (h)(5)(B).)  During the period of mandatory supervision, "the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation."  (§ 1170, subd. (h)(5)(B).)  Although mandatory supervision is comparable in some ways to probation, it is not identical.  (See *People v. Martinez* (2014) 226 Cal.App.4th 759, 762-763.)  A defendant who is offered probation, for example, may refuse probation if he " 'finds the conditions of probation more onerous than the sentence he would otherwise face.' " (*People v. Moran* (2016) 1 Cal.5th 398, 403).  In contrast to a defendant who is given probation, however, a defendant may not refuse mandatory supervision.  (*People v. Rahbari* (2014) 232 Cal.App.4th 185, 194-195.)  Accordingly, the court did not ask Bryant whether he would accept the court's terms of his mandatory supervision.

---

[2] The court expressed the electronic search condition in a minute order as follows:  "Defendant is to submit to search of any electronic device either in his possession including cell phone and/or any device in his place of residence.  Any search by probation is limited to defendant[']s text messages, emails, and photos on such devices."  (Capitalization omitted.)

Courts generally have "broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety." (*People v. Martinez, supra*, 226 Cal.App.4th 759, 764.) Under a test announced in *Lent, supra*, 15 Cal.3d 481, however, a court abuses its discretion when it imposes a term or condition that " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.]" (*Id.* at p. 486; see *People v. Martinez, supra,* 226 Cal.App.4th at p. 764 [applying *Lent* test to mandatory supervision terms]; *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1194 [same].) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a . . . term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*); *In re J.B.* (2015) 242 Cal.App.4th 749, 754.)[3]

---

[3] The Attorney General contends that Bryant waived his *Lent* claim by failing to object in the trial court. We disagree. Bryant's counsel objected to the condition, stating that the facts "do not suggest that any criminal conduct involving a cell[ ]phone or electr[on]ic device has been committed," and that there has not been "a proper showing of the need to impose this term of probation." This was sufficient to preserve the issue on appeal.

The Attorney General does not dispute that the electronic search condition fails the first two *Lent* prongs—the condition has no relationship to Bryant's crime and the use of electronic devices "is not itself criminal." (See *In re Erica R.* (2015) 240 Cal.App.4th 907, 913; *In re J.B.*, *supra*, 242 Cal.App.4th at pp. 754-755.) The issue, therefore, is whether the electronic search condition is reasonably related to preventing future criminality.

Our Supreme Court discussed the future criminality prong in *Olguin*, *supra*, 45 Cal.4th 375, a case the Attorney General contends is "dispositive" here. In *Olguin*, our Supreme Court held that a probation condition that required the defendant to notify his probation officer of the presence of any pets at the defendant's residence was "reasonably related to future criminality because it serve[d] to inform and protect a probation officer charged with supervising a probationer's compliance with specific conditions of probation." (*Id.* at p. 381.) "Animals," the Court explained, "can be unpredictable and potentially dangerous when faced with a stranger in their territory, and some pose a great or even life-threatening hazard to persons in these circumstances. Being informed at all times of the pets that are present at a probationer's residence thus reduces the possible threat to the probation officer's safety by enabling the officer to be aware of, and prepared for, situations that may arise should the officer choose to conduct an unscheduled 'compliance visit' to the probationer at his or her residence." (*Ibid.*, fn. omitted.) "Probation officer safety during these visits and searches is essential to the effective supervision of the probationer and thus assists in preventing future criminality." (*Ibid.*) The Court further explained that the defendant failed to demonstrate that the condition infringed or impaired any constitutional right, and reasoned that reporting the presence of

6

pets "is a simple task" and "imposes no undue hardship or burden" on the probationer.  (*Id.* at pp. 382, 384-387.)

The Attorney General contends that Bryant's electronic search condition, like the pet notification condition in *Olguin*, facilitates the probation officer's ability to supervise the defendant and determine whether the defendant is complying with other terms of probation.[4]  (See *Olguin, supra*, 45 Cal.4th at pp. 380-381.)  Unlike the pet notification condition in *Olguin*, however, a search of a defendant's cellular phone and other electronic devices implicates a defendant's constitutional rights.  (See *People v. Appleton* (2016) 245 Cal.App.4th 717, 724 (*Appleton*); see also *Riley v. California* (2014) ___U.S. ___, ___ [134 S.Ct. 2473, 2489] [Fourth Amendment applies to search of information on cellular phone]; *People v. Keller* (1978) 76 Cal.App.3d 827, 832 [a "probationer has the right to enjoy a significant degree of privacy, or liberty, under the Fourth, Fifth and Fourteenth Amendments to the federal Constitution"], disapproved on other grounds in *People v. Welch* (1993) 5 Cal.4th 228, 237.)  In contrast to information about a defendant's pets, a cellular phone search could potentially reveal "a digital record of nearly every aspect of [its owner's life]— from the mundane to the intimate" (*Riley v. California, supra*, 134 S.Ct. at p. 2490), including "vast amounts of personal information unrelated to defendant's criminal conduct or his potential for future criminality" (*Appleton, supra*, 245 Cal.App.4th

---

[4]  In addition to the electronic search condition and other terms, the court ordered Bryant not to associate with persons known by him to be drug users or criminal street gang members or associates, and to stay away from the place of his arrest and places where he knows drug users or gang members and associates congregate.

at p. 727).  *Olguin*, therefore, does not resolve the question
presented here, and the "fact that a search condition would
facilitate general oversight of the individual's activities is
insufficient to justify an open-ended search condition permitting
review of all information contained or accessible on the
[individual's] smart phone or other electronic devices."  (*In re J.B.*,
*supra*, 242 Cal.App.4th at p. 758; but see *In re P.O.* (2016)
246 Cal.App.4th 288, 295-296 [electronic search condition was
permissible under *Olguin*].)[5]

Whether an electronic search condition is reasonably related
to preventing future criminality depends upon on the facts and
circumstances in each case.  (See *In re J.E.* (2016) 1 Cal.App.5th
795, 802 (*J.E.*), review granted Oct. 22, 2016, S236628; *People v.
Burton* (1981) 117 Cal.App.3d 382, 391; *In re Martinez* (1978)
86 Cal.App.3d 577, 584.)  Most published decisions addressing
such conditions in California involve juvenile probation conditions.
(See, e.g., *In re J.E.*, *supra*, 1 Cal.App.5th 795; *In re P.O.*, *supra*,
246 Cal.App.4th 288; *In re J.B.*, *supra*, 242 Cal.App.4th 749;
*In re Erica R.*, *supra*, 240 Cal.App.4th 907; *People v. Ebertowski*
(2014) 228 Cal.App.4th 1170 (*Ebertowski*).  Although these cases
are instructive, consideration of them must take into account the
fact that " ' "the power of the state to control the conduct of children
reaches beyond the scope of its authority over adults." ' [Citation.]

---

[5] Our Supreme Court has granted review in *In re Ricardo P.*
(2016) 241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923,
to consider the following issue:  "Did the trial court err by imposing
an 'electronics search condition' on the juvenile as a condition of his
probation when that condition had no relationship to the crimes
he committed but was justified on appeal as reasonably related to
future criminality under [*Olguin*, *supra*,] 45 Cal.4th 375 because
it would facilitate the juvenile's supervision?"

This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' [Citation.]" (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910; see also *In re Antonio R.* (2000) 78 Cal.App.4th 937, 941; *In re P.O.*, *supra*, 246 Cal.App.4th at p. 296.) Thus, a probation condition that would be reasonable and permissible for a minor under juvenile court supervision may " 'be unconstitutional or otherwise improper for an adult probationer.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889; accord *In re Malik* (2015) 240 Cal.App.4th 896, 901.)[6]

In *In re Erica R.*, *supra*, 240 Cal.App.4th 907, the juvenile court declared a minor a ward of the court based on her unlawful possession of the drug Ecstacy. (*Id.* at p. 910.) The court placed her on probation with a condition that she submit to " 'a search of any containers [she] may have or own, [her] vehicle, residence, or electronics day or night at the request of a Probation Officer or peace officer.' " (*Ibid.*) The court also required the minor turn over her passwords to her probation officer. (*Ibid.*) The Court of Appeal

---

[6] Two cases involving electronic search conditions imposed on adult probationers are inapposite. In *Appleton*, *supra*, 245 Cal.App.4th 717, the court found that the electronic search condition satisfied the *first* prong of *Lent*—that the condition was related to the defendant's crime—because the defendant had met his sexual assault victim through "a social medial application for smartphones." (*Id.* at pp. 719, 724.) The court did not consider, therefore, the third prong that concerns us here.

In *People v. Smith* (2017) 8 Cal.App.5th 977 [2017 D.A.R. 1519], the defendant used a cellular phone to arrange the illegal drug transaction for which he was convicted. It was thus "imperative that his cell phone use be monitored by the probation officer to ensure that he was not violating his probation by engaging in drug trafficking." (Id. at p. 1522.)

9

held that the probation condition was invalid under *Lent*, stating: "There is nothing in this record regarding either the current offense or [the minor's] social history that connects her use of electronic devices or social media to illegal drugs. In fact, the record is wholly silent about [the minor's] usage of electronic devices or social media. Accordingly, '[b]ecause there is nothing in [the minor's] past or current offenses or [her] personal history that demonstrates a predisposition' to utilize electronic devices or social media in connection with criminal activity, 'there is no reason to believe the current restriction will serve the rehabilitative function of precluding [the minor] from any future criminal acts.'" (*Id.* at p. 913.)

*In re Erica R.* was followed in *In re J.B.*, *supra*, 242 Cal.App.4th 749. In *In re J.B.*, the minor committed petty theft. (*Id.* at p. 752.) The court imposed a condition of probation requiring the minor "to submit to a search of '[his] electronics including [his] passwords.'" (*Ibid.*) In rejecting the minor's motion to delete the condition, the trial court explained that the minor admitted to using marijuana for more than two years, and that " 'minors do use the Internet to buy and sell . . . drugs,'" and to " 'brag about their drug use, showing themselves puffing marijuana, showing themselves with drug paraphernalia and, of course, with weapons and those other types of improper probation activities.'" (*Id.* at p. 753.) The search condition would not only deter the minor from committing crimes, but also allow the probation officer "to monitor [the minor] as part of the probation terms and conditions." (*Ibid.*) The court further noted that the minor had played with his cellular phone during an interview with his mother and a probation officer, and refused his mother's request to put it away. (*Ibid.*) " 'Clearly,'" the court stated, the minor is " 'very closely connected

10

with the use of his cell phone, which is disrespectful, not paying attention, and this connection makes it even more important that the probation officer be able to monitor what he was doing on his cell phone, what's he doing on his cell phone in an interview, what's he doing on the cell phone in social media when he's not going to school, what's he doing with regard to the offenses he may be committing, what's he doing with . . . regards to the drugs he may[] be trying to purchase, sell or use.' " (*Ibid.*)

In *In re J.B.*, the Attorney General made an argument similar to the argument asserted here—that the electronic search condition was reasonably related to future criminality because "it was 'designed to help probation officers monitor other probation conditions prohibiting drinking alcohol or taking drugs and requiring [minor] to stay away from the coparticipant with whom he committed the theft, avoid those under the influence of an illegal or intoxicating substance, attend school, and obey parents.' " (*In re J.B.*, *supra*, 242 Cal.App.4th at p. 755.) The condition, the Attorney General argued, was thus "no different from any other search condition to which the minor is subject." (*Ibid.*) The Court of Appeal, relying on *In re Erica R.*, rejected the Attorney General's argument, and held that the search condition was invalid under *Lent* because there was "no showing of any connection between the minor's use of electronic devices and his past or potential future criminal activity." (*In re J.B.*, *supra*, 242 Cal.App.4th at p. 756.)

Like the minors in *In re Erica R.* and *In re J.B.*, there is no showing of any connection between Bryant's use of a cellular phone and criminality, past or future.  Bryant was convicted of possessing a concealed weapon in a vehicle.  No cellular phone or electronic device was involved in the crime and there is no evidence that Bryant would use such devices to engage in future criminal activity.  (See *In re Erica R.*, *supra*, 240 Cal.App.4th at p. 913.)  Nor was there any showing as to how the search condition would reasonably prevent any future crime or aid in Bryant's rehabilitation.  Although it is conceivable that future searches of Bryant's cellular phone might yield information concerning criminal activity, "[n]ot every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable." (*People v. Brandão* (2012) 210 Cal.App.4th 568, 574.)  The fact that a search of Bryant's cellular phone records might aid a probation officer in ascertaining Bryant's compliance with other conditions of supervision is, without more, an insufficient rationale to justify the impairment of Bryant's constitutionally protected interest in privacy.  (See *In re J.B.*, *supra*, 242 Cal.App.4th at p. 758.)  As in *In re Erica R.* and *In re J.B.*, in the absence of facts demonstrating " ' "a predisposition" to utilize electronic devices . . . in connection with criminal activity, "there is no reason to believe the current restriction will serve the rehabilitative function of precluding [the defendant] from any future criminal acts." ' "  (*In re J.B.*, *supra*, 242 Cal.App.4th at p. 755, quoting *In re Erica R.*, *supra*, 240 Cal.App.4th at p. 913.)

The Attorney General, however, relies on *Ebertowski*, *supra*, 228 Cal.App.4th 1170, and *In re J.E.*, *supra*, 1 Cal.App.5th 795. In *Ebertowski*, the minor was a gang member who brandished a weapon, told an arresting "officer that he was ' "[f]ucking with the wrong gangster," ' " and repeatedly threatened the officer and the officer's family. (*Ebertowski*, *supra*, 228 Cal.App.4th at pp. 1172-1173.) The minor pleaded no contest to making criminal threats and resisting or deterring an officer, and admitted a gang allegation. The prosecution requested that the court impose probation conditions requiring the defendant submit to a search of electronic devices within his custody or control and provide his passwords to the devices and any social media websites. (*Id.* at p. 1172.) The prosecutor explained that these conditions should be imposed because " 'the defendant has used social media sites historically to promote the Seven Trees Norteno criminal street gang.' " (*Id.* at p. 1173.) The conditions were also a " 'means to effectuate the already existing warrantless search condition.' " (*Ibid.*)

The Court of Appeal upheld the probation conditions, explaining that the "conditions were related to [the defendant's] crimes, which were plainly gang related because they were designed to allow the probation officer to monitor defendant's gang associations and activities. Defendant's association with his gang was also necessarily related to his future criminality. His association with his gang gave him the bravado to threaten and resist armed police officers. The only way that defendant could be allowed to remain in the community on probation without posing an extreme risk to public safety was to closely monitor his gang associations and activities. The password conditions permitted the

13

probation officer to do so."  (*Ebertowski, supra,* 228 Cal.App.4th at pp. 1176-1177.)

In *In re J.E., supra,* 1 Cal.App.5th 795,[7] the Court of Appeal relied on *Ebertowski* in upholding an electronic search condition, and distinguished *In re Erica R.* and *In re J.B.,* stating that the minor in the case before it had "deep-seated issues with drugs," "struggle[d] with school attendance and grades," had been suspended and reprimanded for behavioral issues, brought a weapon to school, had gang graffiti in his locker and a prior association with Norteños gang members, and an "unstable home life." (*Id.* at p. 802.)  These facts, the court explained, "support the juvenile court's conclusion that the electronic search condition would ' "serve the rehabilitative function of precluding [Minor] from any future criminal acts." ' " (*Ibid.,* quoting *In re Erica R., supra,* 240 Cal.App.4th at p. 913.)

*Ebertowski* and *In re J.E.* are distinguishable.  There is no evidence that Bryant, unlike the minor in *Ebertowski,* used any electronic device to promote gang activity.  And *In re J.E.* involved a minor who "had a constellation of issues requiring intensive supervision," including a " 'pretty deep drug issue.' " (*In re J.E., supra,* 1 Cal.App.5th at p. 801.)  The electronic search condition was considered " '*critical* ' for Minor's rehabilitation" by allowing the probation officer to " 'monitor the purchase, or sales, [or] usage' of drugs." (*Ibid.*)  Here, although Bryant had been smoking marijuana in a car, there is nothing to suggest that his phone must be monitored for drug sales, as in *In re J.E.*  Moreover, because

---

**7** The Supreme Court granted review of *In re J.E.* and deferred briefing pending its review of *In re Ricardo P., supra,* 241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923. (See fn. 5, *ante.*)

Bryant is an adult, the justification for state supervision of his personal drug use is weaker than in the case of minors, and his constitutionally protected interest in his privacy is greater. (See, e.g., *In re Antonio R.*, *supra*, 78 Cal.App.4th at p. 941.)

For all the foregoing reasons, we conclude that the electronic search is invalid under *Lent*. Bryant also contends that the electronic search condition is unconstitutionally overbroad. Because we hold that the condition is invalid under *Lent*, we do not reach these issues.[8]

---

[8] Under an overbreadth challenge, if a probation condition limits the defendant's constitutional rights, it must be closely tailored to the purpose of the condition—i.e., the defendant's reformation and rehabilitation—to avoid being invalidated as unconstitutionally overbroad. (See *Olguin*, *supra*, 45 Cal.4th at p. 384; *In re J.E.*, *supra*, 1 Cal.App.5th at p. 803.) In *In re P.O.*, *supra*, 246 Cal.App.4th 288, for example, an electronic search condition that survived a *Lent* challenge was unconstitutionally overbroad because "it permit[ted] review of all sorts of private information that is highly unlikely to shed any light on whether [the minor was] complying with the other conditions of his probation." (*Id.* at p. 298.)

Courts that determine that a condition is overbroad will generally modify the condition to tailor it more closely to the purpose of the condition (see, e.g., *In re P.O.*, *supra*, 246 Cal.App.4th at pp. 299-300; *In re Malik*, *supra*, 240 Cal.App.4th at p. 906), or strike the condition and direct the trial court to fashion a new condition consistent with the Court of Appeal's views (see, e.g., *Appleton, supra*, 245 Cal.App.4th at pp. 728-729).

## DISPOSITION

The terms of Bryant's mandatory supervision that he submit to searches of his cellular phone or other electronic devices is stricken. The trial court is ordered to file a minute order reflecting the striking of this term and forward a copy of the order to the Los Angeles County Probation Department. The judgment is otherwise affirmed.

CERTIFIED FOR PUBLICATION.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


JOHNSON, J.