Filed 12/20/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B289821 (Super. Ct. No. PJ52668) (Los Angeles County) |
| THE PEOPLE, Plaintiff and Respondent, v. A.A., Defendant and Appellant. | |

One of the goals of the juvenile law is reformation and rehabilitation of the minor's attitude so that he respects the rights of others. Here, appellant seems to think that his felonious conduct is a springboard for braggadocio on the internet. Appellant has First Amendment freedom of speech rights. But the juvenile court may curtail such rights in an appropriate case by a narrowly tailored condition of probation. This is an appropriate case.

A.A. appeals a dispositional order adjudging him a ward of the juvenile court (Welf. & Inst. Code, § 602) and placing him on probation after the trial court sustained a petition for battery with serious bodily injury. (Pen. Code, § 243, subd. (d).) Appellant contends that a probation condition prohibiting him from discussing his case on social media is overbroad and violates his First Amendment rights. We affirm.

*Factual and Procedural History*

On July 24, 2017, appellant began shooting baskets on a YMCA basketball court that Arturo V. was using to coach a team of nine to eleven-year-old kids. Appellant visited the facility daily and knew that Arturo was a YMCA sports instructor. Arturo asked appellant to leave multiple times. He refused even though other courts were available. Arturo reached for appellant's basketball. This made appellant angry and he "sucker punched" Arturo. He knocked Arturo unconscious in front of the youngsters. Arturo was transported to the hospital where he received stitches to the mouth and forehead. Despite two plastic surgeries, Arturo suffered permanent scarring.

Before the jurisdictional hearing, appellant posted a social media photo of his court subpoena with the caption: "[N]ew Nexflix series coming. I'm a 16-year-old felon." The juvenile court admonished appellant not to do any more social media postings. Appellant ignored the juvenile court's order.

During the jurisdictional hearing, appellant posted a video of himself dancing to music in front of the courthouse. When the juvenile court asked about it, appellant responded: "[P]eople knew I was in court; so I shot a video because I do have a lot of Instagram followers, and they do tend to like care in a sense of what I'm doing." The juvenile court ordered defense

2

counsel "to tell your client to stop doing this" and warned that appellant "may not have listened to you; so it's on him." The juvenile court excluded testimony about the social postings at the adjudication hearing but stated that they could be relevant at a later stage of the proceedings.

At the disposition hearing, the juvenile court ordered appellant, as a condition of probation, "not to go on social media and post anything that has to do with this offense. If there's anything you posted already, you're to take it down." Appellant agreed to the probation condition.

*Claimed First Amendment Violation*

Appellant argues that the probation condition is overbroad and violates the First Amendment. He waived the issue by not objecting at the disposition hearing. (*People v. Welch* (1993) 5 Cal.4th 228, 235.) Assuming, arguendo, that the appeal is a facial challenge to the probation condition and not waived (see *In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7), we reject the argument that the probation condition is overbroad or violates appellant's First Amendment rights. A juvenile court has broad discretion in imposing probation conditions it determines are "fitting and proper to the end that justice may be done and the reformation and rehabilitation of the [minor] enhanced." (Welf. & Inst. Code, § 730, subd. (b).) A probation condition that is consistent with the rehabilitative purpose of probation is not overbroad. (*People v Moran* (2016) 1 Cal.5th 398, 407.)

Here, the restriction on social media postings is precise, narrow, and reasonably tailored to address appellant's posting conduct and rehabilitation. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.) Appellant failed to appear at a pretrial

3

conference, flaunted the juvenile court's admonition after posting a photo of the subpoena, and showed disrespect for the court process when he posted the courthouse-musical video. Appellant said he had a lot of Instagram followers and wanted them to know about the case.

Juvenile proceedings are not amusing and appellant's attempt to entertain his friends at the expense of the juvenile court's dignity is not to be appreciated. The juvenile court reasonably believed that some of the Instagram followers knew the victim and that appellant's postings about the case, if made, would embarrass the victim who was undergoing therapy.

Appellant concedes that the restriction on social media postings, if read literally, is precise. But he argues it is overbroad because he is precluded from using social media postings to express remorse, to praise the efficacy of the juvenile justice system, or to inform friends and family about the progress of the case. All of that can be done in other speech forums. Appellant is free to discuss the case on the telephone, in person, or by correspondence or email. The order not to discuss the case on a social media website is narrowly drawn and restricts use of a speech forum that appellant abused during the trial. "A restriction on the mode of communication is viewed more tolerantly than a restriction on content. [Citation.] Nor does the condition of probation unduly restrict [appellant's] First Amendment rights. Assuming he does not violate the [social media] condition, he remains free to exercise his constitutional right of expression but must simply employ less sophisticated means, such as a landline phone, the mail, or in-person contact." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 921 [probation

condition prohibiting communications on any portable electronic device].)

The juvenile court reasonably concluded that appellant's compulsion to discuss the case in social media postings would invite mischief and render appellant less likely to successfully complete probation. Appellant, as a condition of probation, agreed not to "have any contact with or have someone else contact the victim[] or witnesses of any offense against you." It is a standard probation condition and could easily be violated if appellant discussed the case on social media and his Instagram followers contacted the victim. The probation condition allows appellant to use other speech forums should he elect to discuss the case with friends or family. Unlike the cases cited by appellant (*In re E.O.* (2010) 188 Cal.App.4th 1149 [minor prohibited from knowingly coming within 25 feet of a courthouse]; *In re M.F.* (2017) 7 Cal.App.5th 489, 495-496 [electronic device probation condition]), appellant is not prohibited from possessing a mobile device, maintaining a social media web page, or accessing the internet.

The juvenile court did not err in concluding that the probation condition was necessary to protect the victim and supervise appellant's rehabilitation. (*In re P.O.* (2016) 246 Cal.App.4th 288, 299 [juvenile courts have broad discretion to fashion conditions of probation to further a minor's rehabilitation].) "Our role in this appeal is to review the conditions of probation for facial constitutionality, not to micromanage how the juvenile court structures its probation conditions." (*In re Victor L.*, *supra*, 182 Cal.App.4th at p. 922.)

*Ineffective Assistance of Counsel*

Appellant, in the alternative, claims that his trial counsel was ineffective by not objecting to the social media probation condition. To prevail on the claim, appellant must show defective performance and resulting prejudice, both of which are lacking here. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.) Defense counsel does not render ineffective assistance by declining to raise meritless objections. (*People v. Price* (1991) 1 Cal.4th 324, 387.) An objection to this term and condition of probation "would have been a classic exercise in futility." (*People v. Eckstrom* (1974) Cal.App.3d 996, 1003.)

*Disposition*

The judgment (probation order prohibiting appellant from making social media postings about the case) is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

 

YEGAN, J.

We concur:


GILBERT, P. J.


TANGEMAN, J.

6

Fred J. Fujioka, Judge

Superior Court County of Los Angeles

_____

Lynette Gladd Moore, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.