Filed 4/4/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B287487 (Super. Ct. No. 17JV00334) (San Luis Obispo County) |
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> J.G., <br><br>    Defendant and Appellant. | |

      The internet is a source of great knowledge and communication of ideas. Unfortunately, it can be used for purposes which are not so wonderful. Here the trial court required a juvenile to consent to a search of electronic devices as a correctional tool in the juvenile's reformation and rehabilitation. It seems obvious that the juvenile court is trying to keep the juvenile from accessing information which may kindle his interest in racial hatred and bigotry. This is such a laudable goal that it is difficult to see the merit in academic counter

arguments. Resolution of the issue should not turn on an academic analysis of privacy considerations and the relationship to terms and conditions of juvenile probation. Rather, the approach should be a practical one to serve this juvenile who is in need of monitoring for his own good. This kid is in trouble. He needs guidance. He does not need to access racial hatred which is so readily available on the internet.

J.G. participated in a fist fight at his school and, when a teacher tried to stop the fight, used a racial slur against that teacher. He called the teacher a "nigger." He admitted in juvenile court that he committed the misdemeanor of disturbing the peace on school grounds. (Pen. Code, § 415.5, subd. (a)(1).)[1] The juvenile court judge granted probation on several conditions, including the condition that his electronic devices would be subject to search. Appellant contends the electronic search condition bears no relationship to his offense and is unconstitutionally overbroad. We affirm.

*Facts*

In March 2017, appellant, who was then 15 years old, got into a fight on school grounds. A teacher stepped in to stop the fight. Appellant pushed the teacher away using a racial slur in the process. Appellant admitted disturbing the peace on school grounds. The probation report reflected numerous past instances in which appellant displayed "defiant behavior," used aggressive or threatening language, refused to do work, or was disruptive in class. Appellant also admitted to using marijuana.

The trial court granted probation on a number of conditions, including that appellant shall, "Submit any electronic

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

2

device, used to store or transmit digital information, that you own, possess or control, to a search of any source of electronic data identified below, at any time, with or without probable cause, by a peace officer, and provide the peace officer with any passwords necessary to access the data source specified." Sources of electronic data identified in the probation condition are limited to: text messages, voicemail messages, call logs, photographs, email accounts, social media accounts and internet browsing history. The probation order further provides that the "rehabilitative and/or supervisory concerns addressed by this search term include the following: [¶] Drug/alcohol use or drug sales[,] [¶] Threats of violence toward others."

*Contentions*

Appellant contends the electronic search condition bears no relationship to his offense and is unconstitutionally overbroad. Respondent contends the condition is reasonable because it relates to potential future criminality and that the condition is not overbroad. We note that similar issues regarding electronic search probation conditions are pending in the California Supreme Court. (*In re Ricardo P.* (2015) 241 Cal.App.4th 676, review granted Feb. 7, 2016, S230923; see also *People v. Bryant* (2017) 10 Cal.App.5th 396, review granted June 28, 2017, S241937; *People v. Nachbar* (2016) 3 Cal.App.5th 1122, review granted Dec. 14, 2016, S238210; *In re J.E.* (2016) 1 Cal.App.5th 795, review granted Oct. 12, 2016, S236628.)

*Standard of Review*

We review the court's imposition of a probation condition for abuse of discretion. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) We review constitutional challenges to

3

probation conditions de novo.  (*In re M.F.* (2017) 7 Cal.App.5th 489, 495.)

*Discussion*

Reasonableness.  "Welfare and Institutions Code section 730, subdivision (b) 'authorizes the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.' [Citation.]"  (*In re J.B.* (2015) 242 Cal.App.4th 749, 753-754.)  Because juveniles are deemed to be more in need of guidance and supervision than adults, the trial court has even greater latitude in formulating the terms of juvenile probation.  (*In re Victor L.* (2010) 182 Cal.App.4th 902, 909-910.)  "The reasonableness and propriety of the imposed condition is measured not just by the circumstances of the current offense, but by the minor's entire social history. [Citation.]"  (*In re J.B.*, *supra*, at p. 754.)

The juvenile court's discretion is not, however, unlimited.  We will consider a probation condition invalid only if it:  "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .'"  (*People v. Lent* (1975) 15 Cal.3d 481, 486.)  All three prongs must be satisfied before we will invalidate a probation condition.  (*Ibid*, fn. 1; see also *In re D.G.* (2010) 187 Cal.App.4th 47, 52.)

4

A probation condition may be justified because it reasonably relates to future criminality. As our Supreme Court explained in *People v. Olguin* (2008) 45 Cal.4th 375 (*Olguin*), a probation condition "that enables a probation officer to supervise his or her charges effectively is . . . 'reasonably related to future criminality'" (*id.* at pp. 380-381), even if the condition "has no relationship to the crime of which a defendant was convicted[.]" (*Id.* at p. 380.)

We conclude the electronic search condition at issue here was reasonable. Appellant admitted that he disturbed the peace by engaging in a fight at school and using a racial slur toward a teacher. He had prior discipline for "defiant behavior," using threatening language and being disruptive in class. The conditions of his probation require him to refrain from using drugs, threatening others with violence and visiting school grounds without prior approval. We conclude the electronic search condition is reasonable because it will allow law enforcement to monitor appellant's compliance with these conditions.

Overbreadth. Appellant contends the electronic search condition is overbroad. We disagree. "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890; see also *Olguin, supra,* 45 Cal.4th at p. 384.) A juvenile court does, however, have wider latitude in drafting probation conditions for juveniles than for adults. "'This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more

circumscribed. . . .' [Citation.]  Whether a probation condition is unconstitutionally overbroad presents a question of law reviewed de novo.  [Citation.]" (*In re P.O.* (2016) 246 Cal.App.4th 288, 297.)

The probation condition at issue here permits law enforcement to search text messages, voicemail messages, social media accounts, call logs, photographs, e-mail accounts and internet browsing history.  These methods of communication are reasonably likely to reveal evidence of appellant's compliance with other probation conditions, including those that prohibit drug and alcohol use and threats of violence against others.  Limiting the search condition to these forms of digital communication reduces the likelihood that law enforcement will access medical records, financial information or other data unrelated to criminal activity.  We conclude the probation condition is not overbroad.

*Conclusion*

The judgment is affirmed.

CERTIFIED FOR PUBLICATION.

YEGAN, Acting P. J.

I concur:

PERREN, J.

6

TANGEMAN, J.:

I respectfully dissent. The majority concludes the condition is justified because "it will allow law enforcement to monitor [J.G.'s] compliance with [probation] conditions." (Maj. opn. *ante*, at p. 5.) That rationale includes every probationer, regardless of their offense or social history. It casts too wide a net to pass muster under *In re J.B.* (2015) 242 Cal.App.4th 749 or *People v. Lent* (1975) 15 Cal.3d 481.

The probation condition at issue in this case has been the subject of several published appellate court decisions. The holdings in those cases are not consistent, and our Supreme Court has granted review in some of those cases. (Maj. opn. *ante*, at p. 3.)

Courts consistently hold that juvenile courts enjoy broad discretion to fashion conditions of probation for rehabilitation purposes, so long as specifically tailored to meet the needs of the juveniles. (*In re J.B.*, *supra*, 242 Cal.App.4th at pp. 753-754.) They also agree that that discretion "is not unlimited." (*In re Erica R.* (2015) 240 Cal.App.4th 907, 912.) "Courts have 'consistently held that juvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under *Lent*.' [Citations.]" (*Ibid.*)

Indisputably, the first two prongs of *Lent* are satisfied here. The electronic search condition bears no relationship to J.G.'s crime of disturbing the peace on school grounds or his social history. And "the typical use of electronic devices and social media is not itself criminal." (*In re Erica R.*, *supra*, 240 Cal.App.4th at p. 913.)

The majority relies on the third prong, reasoning that future criminality can be monitored with an electronic search

1

condition.  But that is true for every probationer.  This rationale does not justify the condition where nothing in the offense or social history shows a predisposition to use electronic devices in connection with criminal activity.

This case is like *In re Erica R.*, *supra*, 240 Cal.App.4th 907, in which the defendant juvenile admitted to misdemeanor possession of Ecstasy, and the court imposed a similar electronic search probation condition.  In its holding striking the condition, our colleagues in the First Appellate District, Division Two, wrote:  "There is nothing in the record regarding either the current offense or [appellant's] social history that connects her use of electronic devices or social media to illegal drugs.  In fact, the record is wholly silent about [appellant's] usage of electronic devices or social media." (*Id*. at p. 913.)  The same is true here.  Accordingly, the *Erica R.* court held that because no evidence existed to show a predisposition to use electronic devices in connection with criminal activity, "'there is no reason to believe the current restriction will serve the rehabilitative function of precluding [appellant] from any future criminal acts.' [Citation.]" (*Ibid*.; accord, *In re J.B.*, *supra*, 242 Cal.App.4th 749.)

The dual justifications advanced by the majority in this case for upholding this condition—that a minor's rights are circumscribed and that the condition will allow law enforcement to monitor J.G.'s compliance with other probation conditions—strike at the core of the holdings in *In re J.B.* and *Lent*.  "[I]t is no exaggeration to say that many of the [vast numbers of American juveniles] who own a cell phone keep on their person a digital record of nearly every aspect of their lives—from the mundane to the intimate." (*Riley v. California* (2014) 573 U.S. 373, 395.)  It is

2

therefore difficult to fathom any case in which an electronic search probation condition would not pass the test used by the majority here.  That result would eviscerate the holdings of *In re J.B.* and *Lent* and render them meaningless.

CERTIFIED FOR PUBLICATION.


TANGEMAN, J.

Charles Crandall, Judge

Superior Court County of San Luis Obispo

_____

Law Offices of David R. Greifinger and David R. Greifinger, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung Mar, Analee J. Brodie, David Glassman, Deputy Attorneys General, for Plaintiff and Respondent.